**UNITED STATE DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DWIGHT BAKER,** | : | |
| Petitioner | : | |
| | : | **CIVIL ACTION NO. 4:04-2389** |
| v. | : | |
| | | **(MCCLURE, D.J.)** |
| **PENNSYLVANIA BOARD OF** | : | **(MANNION, M.J.)** |
| **PROBATION AND PAROLE,** | | |
| and **GERALD J. PAPPERT,** | : | |
| **Attorney General of** | | |
| **Pennsylvania,** | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

On November 1, 2004, the petitioner, an inmate formerly incarcerated at the State Correctional Institution-Huntingdon, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). The petitioner also filed an application to proceed *in forma pauperis*, which was denied upon review of the petitioner's financial documentation. He filed the appropriate filing fee, and a show cause order issued on January 11, 2005. (Doc. No. 5). The petitioner challenged his continued incarceration, claiming that he had served his maximum sentence, and that the Department of Corrections and the Parole Board had miscalculated his sentence.

After being granted extensions of time in which to do so, the respondents filed a response on February 17, 2005. (Doc. No. 9). The petitioner did not file a reply to the response.

The petitioner stated that on or about February 18, 1978, he was sentenced to 3 to 20 years incarceration for robbery.  His maximum sentence was to expire on August 18, 1997.  He was paroled on February 19, 1981, and later reincarcerated as a technical violator (firearms charge) on August 27, 1982. His parole violation caused his maximum sentence date to be adjusted to April 23, 1999.

The petitioner was again paroled, and on December 16, 1988, he was arrested for manslaughter. He pled guilty to the charge and was sentenced to 5 to 10 years incarceration.  The petitioner was subsequently reparoled several times. His last parole attempt ended on May 19, 2003, when he was again arrested as a technical violator.

At one point the Parole Board calculated the petitioner's maximum release date to be August 29, 2005.  The respondents conceded that this date was incorrect, and that the correct maximum release date would be April 5, 2005.

This court contacted the State Correctional Institution at Huntingdon on May 24, 2005, at which time the Institution's Record's Clerk, Andrea Wakefield, advised that the petitioner had been released on April 5, 2005, having served his complete sentence. The petitioner did not advise the court that he had been released, nor did he provide the court with a new address.

In order for a district court to have jurisdiction under 28 U.S.C. § 2254, two conditions must be met: (1) the petitioner must be "in custody" pursuant

to a State court judgment, and (2) the custody "is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989). Furthermore, the exercise of judicial power depends upon the existence of a "case or controversy." U.S. CONST. Art. III, § 2; <u>Lewis v. Continental Bank Corp</u>., 494 U.S. 472 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision." <u>Spencer v. Kemna</u>, 523 U.S.1, 7(1998).

In <u>Spencer</u>, the United States Supreme Court held that a habeas petitioner's challenge to his parole revocation became moot once the petitioner was released at the end of his sentence. The Supreme Court noted that although the district court did, in fact, have jurisdiction to hear the claim when it was first initiated, because the petitioner was then "in custody," that the petitioner's subsequent release "caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." <u>Spencer</u>, 523 U.S. at 7; *See also* <u>Husovsky v. Lavan</u>, 2004 WL 2316635 (E.D.Pa.)(habeas petition asserting an *Ex Post Facto* challenge to a parole denial became moot when the petitioner was paroled because the case no longer presented a live controversy); <u>Mathews v. Hendricks</u>, 2005 WL 1115967 *3 (D.N.J.))(holding likewise). Therefore, because the petitioner has served his maximum sentence, and is no longer in custody, the petition for writ of habeas corpus should be dismissed as moot.

3

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for writ of habeas corpus (Doc. No. 1) be **DISMISSED** as moot.

**s/ Malachy E. Mannion**
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated:    May 24, 2005**

O:\shared\REPORTS\2004 Reports\04-2389.wpd

.